Argued and submitted December 15, 2010, reversed and remanded
for reconsideration June 15, 2011

In the Matter of
the Complying Status of Cross River Transport, Inc.,
Employer.

SAIF CORPORATION,
*Petitioner,*

*v.*

CROSS RIVER TRANSPORT, INC.,
and Department of Consumer and Business Services,
*Respondents.*

Workers' Compensation Board
0700018NC; A144103

259 P3d 1001

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Vivian R. Solomon argued the cause for respondent Cross River Transport, Inc. With her on the brief was Scott P. Monfils.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Department of Consumer and Business Services.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Petitioner, SAIF, seeks judicial review of an order of the Workers' Compensation Board, Hearings Division, in which an administrative law judge (ALJ) awarded respondent Cross River Transport attorney fees under ORS 656.740(6)(b) (2007).[1] SAIF makes two arguments. First, SAIF argues that the ALJ erred in concluding that Cross River Transport was entitled to attorney fees. Second, SAIF argues that, even if Cross River Transport was entitled to attorney fees, the ALJ erred in determining the amount of the attorney fees. We reject SAIF's argument regarding Cross River Transport's entitlement to attorney fees without discussion and write only to address its argument regarding the amount of attorney fees. For the reasons explained below, we conclude that the ALJ erred by awarding Cross River Transport attorney fees other than those incurred in connection with the compliance proceeding at issue and, therefore, we reverse and remand.

Under Oregon law, certain employers are required to have workers' compensation insurance. *See* ORS 656.017; ORS 656.023. Such employers "shall maintain assurance with the Director of the Department of Consumer and Business Services that [the employer's] subject workers * * * and their beneficiaries will receive compensation for compensable injuries * * * and that the employer will perform all duties and pay other obligations required[.]" ORS 656.017(1). Employers who fail to carry required workers' compensation insurance and maintain proof of that insurance with the director are subject to civil penalties. ORS 656.017; ORS 656.052; ORS 656.735.

In this case, the director issued an order declaring Cross River Transport a noncomplying employer (NCE) for a period from July 2004 to April 2007 for failing to carry required workers' compensation insurance. Cross River Transport contested the order and requested an administrative hearing, asserting that it had insurance through SAIF

---

[1] ORS 656.740 was amended in 2007, and the amendments became effective in 2009. Or Laws 2007, ch 241, §§ 19, 31. Because the attorney fee issue in this case is controlled by the preamendment version of ORS 656.740, all references to that statute in this opinion are to that version.

during the period of alleged noncompliance. Pursuant to ORS 656.740(3), the board joined SAIF as a necessary party to the hearing.

At the hearing, the parties negotiated a settlement. They agreed that SAIF would file a guaranty contract stipulating that, for the period of alleged noncompliance, Cross River Transport was, in fact, insured by SAIF. Once SAIF filed the guaranty contract, the director would dismiss the NCE order.

The ALJ incorporated the terms of the parties' agreement into an order, which also provided that "[Cross River Transport's] attorney will submit a request for attorney fees to SAIF; * * * if the parties are unable to come to an agreement regarding payment of attorney fees or administrative fees, they will submit their dispute for a decision by the undersigned [ALJ]."

The parties were unable to agree on attorney fees, and the matter came before the ALJ. Cross River Transport argued that it was entitled to fees under ORS 656.740(6)(b) because it had proved that it had workers' compensation insurance through SAIF during the period of alleged noncompliance but SAIF had failed to timely file a guaranty contract. Cross River Transport further argued that it was entitled not only to the attorney fees incurred in connection with the NCE proceeding, but for all attorney fees "necessitated by SAIF's refusal * * * to file proof of its coverage (guaranty contract) with the [d]irector until the date of the hearing." Thus, according to Cross River Transport, it was entitled to attorney fees incurred in connection with a premium audit dispute as well as those incurred in connection with a State of Washington compliance investigation. The ALJ agreed, holding that Cross River Transport's attorney fees were "reasonably required in the prosecution of [its] case establishing that SAIF provided coverage * * * and did not timely file a guaranty contract showing such coverage."

On review, SAIF argues, as it did before the ALJ, that an employer's entitlement to attorney fees under ORS 656.740(6)(b) is limited to attorney fees incurred in connection with the NCE proceeding. ORS 656.740 provides, in part:

"(1)   A person may contest a proposed order of the Director of the Department of Consumer and Business Services declaring that person to be a noncomplying employer, or a proposed assessment of civil penalty, by filing with the Department of Consumer and Business Services, within 60 days after the mailing of the order, a written request for a hearing. * * * An order by the director under this subsection is prima facie correct and the burden is upon the employer to prove that the order is incorrect.

"* * * * *

"(3)   When an insurance carrier * * * is alleged by an employer to have contracted to provide the employer with workers' compensation coverage for the period in question, the Workers' Compensation Board shall join such insurance carrier as a necessary party to any hearing relating to such employer's alleged noncompliance * * *.

"(4)   A hearing relating to a * * * proposed order declaring a person to be a noncomplying employer, or to a proposed assessment of civil penalty under ORS 656.735, shall be held by an Administrative Law Judge of the board's Hearings Division. * * *

"(5)   Notwithstanding ORS 183.315(1), the issuance of * * * orders declaring a person to be a noncomplying employer or the assessment of civil penalties pursuant to this chapter, the conduct of hearings and the judicial review thereof shall be as provided in ORS chapter 183, except that:

"(a)   The order of an Administrative Law Judge in a contested case shall be deemed to be a final order of the director.

"* * * * *

"(6)(a)   If a person against whom an order is issued pursuant to this section prevails at hearing or on appeal, the person is entitled to reasonable attorney fees to be paid by the director from the Workers' Benefit Fund.

"(b)   If a person against whom an order is issued is found to be a noncomplying employer by the director, but the person proves coverage pursuant to subsection (3) of this section and the insurer failed to file timely a guaranty

contract as required by ORS 656.419 or improperly canceled the person's coverage, the employer is entitled to reasonable attorney fees paid by the insurer."

Read in context, ORS 656.740(6)(b), as relevant here, applies to attorney fees incurred *in connection with an NCE proceeding*. It is intended to enable an employer who has been subjected to an NCE proceeding under ORS 656.052(2) to recover attorney fees incurred in connection with the proceeding when the proceeding results from the employer's insurer's failure to timely file a guaranty contract. In other words, ORS 656.740(6)(b) reflects a legislative recognition that, when an insurer fails to timely file a guaranty contract for an employer, that failure can lead to an NCE proceeding and, if it does, the employer should be able to recover the attorney fees it incurs in connection with the NCE proceeding from the insurer.

The scope of the attorney fee provision in ORS 656.740(6)(b), therefore, corresponds with the scope of the NCE proceeding. The issues in an NCE proceeding include whether an employer was in compliance and, if not, whether its noncompliance was the result of its insurer's failure to timely file a guaranty contract. Importantly, the issues in an NCE proceeding do not concern any collateral consequences the employer may have suffered as the result of the insurer's failure to timely file a guaranty contract. It follows that an employer is not entitled, under ORS 656.740(6)(b), to attorney fees incurred for representation in connection with those collateral consequences.

As mentioned, in this case SAIF argues that the ALJ erred by awarding Cross River Transport attorney fees for representation that was not connected to the NCE proceeding. We agree. The ALJ erred in accepting Cross River Transport's argument that it was entitled to all of its requested attorney fees because, according to Cross River Transport, all of the fees were necessitated by SAIF's failure to timely file a guaranty contract. When determining whether an employer is entitled to attorney fees under ORS 656.740(6)(b), the dispositive question is whether the attorney fees were incurred in connection with the NCE proceeding, not whether they were incurred in connection with

collateral consequences arising from the insurer's failure to timely file a guaranty contract.

Reversed and remanded for reconsideration.